[Cite as *State v. Crosby*, 2014-Ohio-3691.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TIFFANY CROSBY | : | Case No. 13-CA-86 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2012-CR-488




JUDGMENT:                        Affirmed




DATE OF JUDGMENT:                August 22, 2014




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ANDREA K. GREEN                           DAVID A. SAMS
239 West Main Street                      Box 40
Suite 101                                 West Jefferson, OH  43162
Lancaster, OH  43130

*Farmer, J.*

{¶1}　On October 26, 2012, the Fairfield County Grand Jury indicted appellant, Tiffany Crosby, on one count of aggravated possession of drugs in violation of R.C. 2925.11 and one count of endangering children in violation of R.C. 2919.22.　Said charges arose from an investigation involving a methamphetamine lab under the porch of the house wherein appellant was residing with her children.

{¶2}　A jury trial commenced on October 15, 2013.　The jury found appellant guilty as charged plus guilty of complicity to commit child endangering in violation of R.C. 2923.03.　As the trial court determined the endangering children conviction was an allied offense of the complicity conviction, the state elected to pursue sentencing on the endangering children conviction.　By judgment entry filed November 13, 2013, the trial court sentenced appellant to two years on the child endangering conviction and ten months on the possession conviction, to be served consecutively, but suspended the ten months in lieu of community control.

{¶3}　Appellant filed an appeal and this matter is now before this court for consideration.　Assignments of error are as follows:

I

{¶4}　"THE DEFENDANT-APPELLANT'S CONVICTION FOR ENDANGERING CHILDREN AND COMPLICITY THERETO ARE BASED ON INSUFFICIENT EVIDENCE AND ARE OTHERWISE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

II

{¶5}   "THE DEFENDANT-APPELLANT WAS DEPRIVED OF A FAIR TRIAL BY PROSECUTORIAL MISCONDUCT CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS."

I

{¶6}   Appellant claims her convictions for endangering children and complicity thereto were against the sufficiency and manifest weight of the evidence.  We disagree.

{¶7}   On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction.  *State v. Jenks,* 61 Ohio St.3d 259 (1991).  "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."  *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia,* 443 U.S. 307 (1979).  On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983).  See also, *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52.  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."  *Martin* at 175.

{¶8}   Appellant was convicted of child endangering and complicity thereto in violation of R.C. 2919.22(B)(6) and 2923.03 which state the following, respectively:

[R.C. 2919.22] (B) No person shall do any of the following to a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age:

(6) Allow the child to be on the same parcel of real property and within one hundred feet of, or, in the case of more than one housing unit on the same parcel of real property, in the same housing unit and within one hundred feet of, any act in violation of section 2925.04 or 2925.041 of the Revised Code when the person knows that the act is occurring, whether or not any person is prosecuted for or convicted of the violation of section 2925.04 or 2925.041 of the Revised Code that is the basis of the violation of this division.

[R.C. 2923.03] (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

(1) Solicit or procure another to commit the offense;

(2) Aid or abet another in committing the offense;

(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

(4) Cause an innocent or irresponsible person to commit the offense.

{¶9} Fairfield County Sheriff's Deputy Sergeant Lee Hawks testified upon arriving at the home at approximately 10:15 p.m., he smelled "some type of solvent odor

that resembled ether, very strong from the end of the driveway, which was probably 150, 200 feet from the house." T. at 90. Solvent is a necessary component in methamphetamine labs. T. at 77. Upon investigation, police officers discovered a methamphetamine lab underneath the porch attached to the home. T. at 92, 94-95. Appellant's fiancé, Jon Schorr, and Daniel Cosner were inside manufacturing methamphetamine. T. at 95. Deputy Joseph Boring testified when he pounded on the door to the home and announced "there's a meth lab, and we're looking for a guy with a gun" appellant did not act "as shocked as I would think." T. at 186. She was "unbelievably calm when I brought up the entire situation." T. at 191. Deputy Nicholas Graham testified appellant appeared "[s]omewhat startled, kind of in disbelief." T. at 158. Inside the home were appellant, Mr. Schorr's seventeen year old son, and two young children. T. at 186. Appellant and Mr. Schorr were the parents of the two young children. T. at 317-318. Sergeant Hawks opined the children were within fifty feet of the methamphetamine lab. T. at 101. Inside the home on top of the refrigerator was a pitcher of water and coffee filters, an indication of methamphetamine manufacturing. T. at 105-106. Appellant's purse was searched whereupon a couple of little baggies of methamphetamine were found. T. at 111, 212. Both Sergeant Hawks and Deputy Don Abram testified that appellant admitted it was methamphetamine, she used methamphetamine, and the drugs were manufactured and given to her by Mr. Schorr the night before. T. at 115, 213. Prior to being taken to the police department, Mr. Schorr required medical assistance as he had serious chemical burns on his left hand and forearm which had occurred the day before in the lab. T. at 189.

{¶10}  Mr. Cosner testified when he was at the home making methamphetamine with Mr. Schorr all day, he could hear the children inside the home.  T. at 246.

{¶11}  Mr. Schorr testified appellant was working all day and arrived home just before the police showed up.  T. at 319-320, 322-323.  Three people testified appellant had left work sometime after 9:30 p.m.  T. at 370, 381, 396-397.  Mr. Schorr stated he always hid his methamphetamine manufacturing from appellant.  T. at 338.  He had just placed the coffee filters on top of the refrigerator that evening, and had told appellant the burns on his arm were caused by a gas leaking chainsaw.  T. at 351.  Mr. Schorr testified appellant did not ask about any smell because "there was no smell."  T. at 356. He stated he placed the methamphetamine in appellant's purse to "smooth things over with her" because his buddies were not "supposed to be there when she got home."  T. at 325.

{¶12}  Appellant testified and admitted she had used methamphetamine.  T. at 442.  On two occasions, the children were in the home in bed.  T. at 489.  However, she did not know Mr. Schorr was manufacturing the drug.  T. at 444, 488.  She thought he obtained it from people who sold it in town.  T. at 470-471.  Appellant denied any knowledge of the methamphetamine discovered in her purse, and denied making any statements to the police about Mr. Schorr making it the night before.  T. at 445, 483. She did not notice the coffee filters on top of the refrigerator, and did not smell anything. T. at 463, 485.  Appellant admitted she did not trust Mr. Schorr with the children because she "knew that he was using a lot."  T. at 487-488.  Appellant considered herself responsible for the safety and health of the children at all times, even when she was not present.  T. at 488.

{¶13} Appellant argues competent, credible, and substantial evidence was not presented to establish that she knew there was an active methamphetamine lab underneath the porch attached to the house containing her children.

{¶14} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Jamison,* 49 Ohio St.3d 182 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 1997-Ohio-260. In addition, circumstantial evidence is that which can be "inferred from reasonably and justifiably connected facts." *State v. Fairbanks,* 32 Ohio St.2d 34 (1972), paragraph five of the syllabus. "[C]ircumstantial evidence may be more certain, satisfying and persuasive than direct evidence." *State v. Richey,* 64 Ohio St.3d 353, 1992-Ohio-44. It is to be given the same weight and deference as direct evidence. *State v. Jenks,* 61 Ohio St.3d 259 (1991).

{¶15} Upon review, we find sufficient evidence, if believed, to support a conviction of child endangering under R.C. 2919.22(B)(6) or complicity thereto, and no manifest miscarriage of justice.

{¶16} Assignment of Error I is denied.

II

{¶17} Appellant claims she was deprived of a fair trial due to prosecutorial misconduct. We disagree.

{¶18} The test for prosecutorial misconduct is whether the prosecutor's comments and remarks were improper and if so, whether those comments and remarks prejudicially affected the substantial rights of the accused. *State v. Lott,* 51 Ohio St.3d

160 (1990).    In reviewing allegations of prosecutorial misconduct, it is our duty to consider the complained of conduct in the context of the entire trial.    *Darden v. Wainwright,* 477 U.S. 168 (1986).

{¶19}  Appellant complains of several questions/comments by the prosecutor, all of which were not objected to.  T. at 349, 350, 489, 555, 587, 590-591.  An error not raised in the trial court must be plain error for an appellate court to reverse.  *State v. Long,* 53 Ohio St.2d 91 (1978); Crim.R. 52(B).  In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error.  *Long.*  Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."  *Id.* at paragraph three of the syllabus.

{¶20} Two of the complained of questions occurred during the cross-examination of Mr. Schorr and were based on statements made by him on direct.  T. at 339, 349-350.  Another complained of question was directed to appellant regarding the scope of her opinion on her responsibility for the safety and health of her children.  T. at 488-489.  She had every opportunity to explain herself.  The trial court instructed the jury that "[y]ou must never assume or speculate on the truth of any suggestion or insinuation included in a question put to a witness by counsel unless it was confirmed by the witnesses."  T. at 597.

{¶21} The complained of comments occurred during closing argument.  In considering these comments in the context of the entire trial, we do not find any prosecutorial misconduct.  The trial court properly instructed the jury that any statements made by the attorneys do not constitute evidence.  T. at 47, 596-597.

{¶22} Upon review, we find the complained of questions/comments did not prejudicially affect appellant's substantial rights, and there is no showing that the outcome of the trial clearly would have been different but for the questions/comments.

{¶23} Assignment of Error II is denied.

{¶24} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.

By Farmer, J.

Gwin, P.J. and

Baldwin, J. concur.

SGF/sg 802